IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AJANG MALOU WOUR,<br>    Defendant. | CASE NO. 4:25-cr-00010-SHL-WPK<br><br>**DEFENDANT AJANG MALOU WOUR'S SENTENCING MEMORANDUM AND MOTION FOR DOWNARD VARIANCE** |

COMES NOW, Defendant, Ajang Malou Wour, by and through the undersigned counsel, and hereby submits the following Sentencing Memorandum and Motion for Downward Variance in advance of the Sentencing Hearing set for July 11, 2025, at 11:00 a.m.

## I.   INTRODUCTION

Mr. Wour maintain his objection to PSR ¶ 116, the application of USSG § 5K2.1. Doc. No. 58. Mr. Wour submits that a sentence of 120 months is sufficient, but not greater than necessary to accomplish all sentencing goals. There is a mandatory minimum sentence of 120 months' imprisonment required by statute. Doc. No. 58 ¶ 100.

## II.   U.S. SENTENCING GUIDELINE CALCULATION

The Final PSR calculates the U.S. Sentencing Guidelines as set forth below:

| **U.S. Sentencing Guideline Calculation** | | |
|---|---|---|
| **TOL Calculation** | | |
| Base Offense Level | §2D1.1(a)(5), (c)(3) | 34 |
| Acceptance of Responsibility | §3E1.1 | -3 |
| Total Offense Level | | **31** |
| **Criminal History** | | |
| Criminal History Level | §4B1.1(b) | II |
| **Sentencing Table** | | |
| Months of Imprisonment | | 121 – 151 months |

*See* Doc. No. 58 ¶¶ 44-53, 58, 115. Mr. Wour agrees with this guideline calculation.

### III. PSR OBJECTIONS

Mr. Wour objected to paragraphs 8, 28, and 116. Mr. Wour's objections to paragraphs 8 and 28 are resolved. Mr. Wour maintains his objection to ¶ 116 and the application of USSG § 5K2.1.

Section 5K2.1 provides:

If death resulted, the court may increase the sentence above the authorized guideline range.

Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that would normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation. Other appropriate factors are whether multiple deaths resulted, and the means by which life was taken. The extent of the increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction, as determined by the other Chapter Two guidelines, already reflects the risk of personal injury. For example, a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.

U.S.S.G. 5K2.1. Here, the PSR alleges that the "instant offense resulted in death". Doc. No. 58 ¶ 42.

In *United States v. Driskill*, the Government moved for an upward departure. "[T]he district court found 'by a preponderance of the evidence that the government has established that Mr. Oliver ... was the source of the fentanyl that Ms. Wooten consumed and that fentanyl overdose was ultimately the 'but for' proximate cause of her death.'" *United States v. Driskill*, 121 F.4th 683, 687 (8th Cir. 2024). On appeal, the Eighth Circuit upheld this finding, giving weight to the fact that the defendant sold the victim heroin on the day of the overdose. *Id.* at 687-88. In short,

the Government was still required to prove it was the defendant's contraband that caused the overdose and not the contraband of another. *Id*.

Here, the evidence does not support a finding that Mr. Wour either directly sold the substance or caused the substance to be sold to the alleged victim. The victim was a known drug user with other supply sources. As such, the upward departure is not supported.

### IV.   SECTION 2553(a) FACTORS

#### A. The Offense.

The instant conviction involves Mr. Wour's distribution of fentanyl. Mr. Wour was arrested on January 10, 2025. He has been incarcerated since his arrest. Mr. Wour has accepted responsibility for his wrongdoing.

#### B. The Offender.

Mr. Wour is 43 years old. He has previously been incarcerated for a federal drug crime. Mr. Wour is an immigrant from Sudan who came to the United States because his home country was war-torn and no longer safe. Doc. No. 58 ¶ 63. He immigrated to America in 1998. Doc. No. 58 ¶ 65. Mr. Wour's youth was filled with traumatic experiences and he was forced to flee his country because of persecution. He has faced adversity as an immigrant in the United States and has made choices he now regrets.

Mr. Wour has one daughter who he remains in communication with multiple times per week through his incarceration. Doc. No. 58 ¶ 75. Mr. Wour's family, including his mother, siblings, and girlfriend remain supportive. Doc. No. 58 ¶¶ 66, 67, 73, 74, 75. Other Courts have determined that family support weighs in favor of finding recidivism is lessened and cuts against the need for a life sentence. *See United States v. Gray*, No. 6:96-CR-03075-MDH, 2021 WL 4096030, at *7 (W.D. Mo. Sept. 8, 2021).

Prior to his arrest, Mr. Wour worked as a delivery driver for Doordash and Instacart, and he earned approximately $1,000 weekly from this employment. Doc. No. 58 ¶ 89. Mr. Wour is involved in the community and teaches muay thai and soccer. Doc. No. 58 ¶ 64.

Mr. Wour seeks to use the BOP services, including drug treatment programs and educational programs, to ensure that, upon his release, he can find gainful employment. Mr. Wour is an intelligent man who has accepted responsibility for his poor choices and actions. Mr. Wour has hopes of creating a brighter future for himself and his family upon his release from incarceration. He has spent much of his life incarcerated and seeks to put these issues behind him.

## C. Need for the Sentence.

Mr. Wour understands the Court must sentence him to a term of imprisonment and the Court is cabined by the mandatory minimum of 120 months' imprisonment. Mr. Wour submits that the mandatory minimum sentence is sufficient, but not greater than necessary to accomplish all sentencing goals.

At his age, even a sentence of 120 months' imprisonment will result in an approximate release age of 53 years old. The United States Sentencing Commission's study indicates recidivism decreases with age. *See United States v. McDonald*, 461 F.3d 948, 952 (8th Cir. 2006), *cert. granted, judgment vacated*, 552 U.S. 1088, 128 S. Ct. 856, 169 L. Ed. 2d 708 (2008) ("while offenders over the age of 50 have a recidivism rate of 9.5 percent"). Here, Mr. Wour's advanced age upon release suggests his recidivism rate is greatly reduced.

According to the U.S. Sentencing Commission's database, defendants with similar convictions were sentenced to an average length of imprisonment of 103 months over the last five fiscal years. Doc. No. 58, ¶ 102.

## V. MOTION FOR DOWNWARD DEPARTURE

Mr. Wour moves for a variance and submits that a sentence of 120 months is appropriate in light of his age and traumatic experiences as a refugee.

## VI. CONCLUSION

Based on the foregoing, Mr. Wour respectfully submits that a sentence of 120 months imprisonment accomplishes all the sentencing goals.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served on the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on July 3, 2025, by CM/ECF.

/s/ Isabelle Norton

Copy to:

Kristin M. Herrera
UNITED STATES ATTORNEY'S OFFICE – DSM
210 Walnut Street, Suite 455
Des Moines, IA 50309
Kristin.herrera@usdoj.gov

ATTORNEYS FOR PLAINTIFF

WHITFIELD & EDDY, P.L.C.

By: /s/ *Sean M. Corpstein*
Sean M. Corpstein   AT0012659

By: /s/ *Sydnee Waggoner*
Sydnee Waggoner   AT0015798

699 Walnut Street, Suite 2000
Des Moines, IA 50309
Telephone (515) 288-6041
Fax: (515) 246-1474
corpstein@whitfieldlaw.com
waggoner@whitfieldlaw.com

ATTORNEYS FOR DEFENDANT
AJANG MALOU WOUR